[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14140
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2011
JOHN LEY
CLERK

Agency No. A099-928-405


HUI LIN,
HAI SHUI ZOU

Petitioners,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 13, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Hui Lin, a native and citizen of China, petitions this court for review of the Board of Immigration Appeals's (BIA) final order denying her motions to reopen the underlying removal proceedings and to reconsider the BIA's removal order. After a review of the record, we dismiss the petition in part and deny it in part.

I. Background

Lin entered the United States in May 2003. Her husband, Hai Shui Zou, who is proceeding as a derivative beneficiary on Lin's asylum application, had entered the United States in July 1997. They married in November 2006. On January 4, 2007, Lin submitted an application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), on the grounds that she opposed China's coercive birth control policies.[1] Lin acknowledged that the application was untimely, but she explained that she was expecting her second child in March 2007 and she feared that either she or her husband would be forcibly sterilized if returned to China. In support of her application, Lin submitted various documents including the 2007 U.S. Department of State Profile

---

[1] To be eligible for asylum or withholding of removal, an alien must establish that she has a well-founded fear of persecution based upon a protected ground, including political opinion. *Li*, 488 F.3d at 1374. An alien who has a well-founded fear that she will be forced to undergo an abortion or sterilization, or will be persecuted for refusing to have an abortion or to be sterilized, is deemed to have a well-founded fear of persecution on account of her political opinion. 8 U.S.C. § 1101(a)(42)(B); *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007).

of Asylum Claims and Country Conditions in China (2007 Profile).

According to the 2007 Profile, China's one-child policy retained "harshly coercive elements," including primarily social and economic penalties, and that forced sterilizations, which were officially prohibited by the government, had occurred and continued to occur. It further noted that the one-child policy was more strictly applied in cities, but the overall implementation of the policy depended on the zealousness of local officials, and there were reports of forced sterilizations as late as 2006. Regarding Chinese nationals who gave birth to children in the United States, the 2007 Profile indicated that U.S. officials in China were unaware of the alleged official policy mandating the sterilization of such couples. According to the 2007 Profile, children born abroad, who were not registered in their parents' household registry if returned to China, would not be considered as Chinese permanent residents and therefore would not be counted under the family planning policy. But if the parents elected to register their U.S.-born children as Chinese permanent residents in order to remain eligible for free public education and other social benefits, those children would be counted. Finally, the profile noted that documents from China, such as identification cards, personal histories, and births and birth control measures, were subject to "widespread fabrication and fraud."

After Lin filed the asylum application, the Immigration and Naturalization Service (INS) served her with a Notice to Appear, charging her as removable as an alien present in the United States without being admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i).

At the removal hearing, Lin testified that she feared she would be forcibly sterilized or face a heavy fine if she returned to China because she had given birth to two children in the United States and she wanted to have more children. Lin was familiar with China's family planning policy, which mandated an IUD insertion after one child and sterilization after the second. Lin's mother, maternal aunt, and several of her neighbors had been forcibly sterilized in China.

The Immigration Judge (IJ) denied Lin's application for asylum as untimely. The IJ further found that there were no changed country conditions to excuse the untimely application. Alternatively, the IJ found that Lin failed to demonstrate an objectively reasonable fear of future persecution. In particular, the IJ gave weight to the 2007 Profile and concluded that China's one-child policy would not apply to Lin because her children were born in the United States. Further, the IJ noted that in a "virtually identical" case, the BIA had concluded that the one-child policy did not apply to Chinese nationals who had given birth in the United States.

Lin appealed to the BIA, which dismissed the appeal on September 30,

2009. The BIA found that Lin's asylum application was time-barred and that she failed to establish changed circumstances to excuse the untimeliness. The BIA also agreed with the IJ that Lin's claim lacked merit because she failed to submit reliable, specific, and objective evidence showing an exception to the general rule that Chinese children born overseas were not counted for birth planning purposes upon their return to China. Specifically, the BIA found that the purported official documents from China were "not signed, notarized, or authenticated, and the writers were not identified" and the allegations from Lin's family members and neighbors consisted of general statements from interested parties whose situation differed from Lin's because Lin had given birth abroad. In rejecting Lin's evidence, the BIA relied on the 2007 Profile. The BIA also found that the potential fines for violating the family planning policy did not amount to persecution.

On October 30, 2009 Lin filed a motion to reconsider, arguing that she would be subjected to forced sterilization under China's one-child policy because she had given birth to a second child. She asserted that this constituted changed circumstances to excuse her untimely asylum petition. On November 3, 2009 Lin filed a motion to reopen, arguing that new evidence sufficiently demonstrated changed country conditions in China. In support, she cited internal Changle City

and Shou Zhan township documents showing a recent uprise in the implementation of forced sterilizations in her home town and numerous other documents to establish the increase in sterilizations. Many of these documents pertained to other cities or townships. Lin also relied on a review of the 2007 Profile by Dr. Flora Sapio to show that the 2007 Profile was inaccurate. Accordingly, Lin proffered that the evidence sufficiently demonstrated a changed country condition in terms of increased enforcement of the family planning policy, or, at a minimum, materially changed the U.S. government's perception of the conditions in China, which qualified as the "functional equivalent" of a changed country condition. Finally, Lin argued that the potential economic hardship resulting from fines constituted persecution.

Lin attached Dr. Sapio's review of the 2007 Profile. In her review, Dr. Sapio concluded that the 2007 Profile was "seriously deficient" in terms of its research methodology and the reliability of its sources and content. She further concluded that the 2007 Profile provided contradictory information regarding whether forced sterilization had actually occurred in Fujian province. She noted that there was no consensus among experts as to whether China still practiced forced abortions and sterilizations.

The BIA denied Lin's motions to reopen and reconsider, finding that she

6

failed to satisfy her burden necessary to reopen the proceedings and failed to demonstrate that the BIA had committed a factual or legal error to warrant reconsideration. Regarding her motion to reopen, the BIA noted that neither Lin nor Zou submitted an affidavit in support, and the BIA declined to address many of their evidentiary submissions that had been before the Board earlier. The BIA also noted that the documents from China had not been authenticated and that some were incomplete. Nonetheless, the BIA reviewed the documents and found that they showed that Chinese couples faced social and economic pressures to comply with the family planning policy, but did not establish that parents of U.S.-born children would face sterilization upon their return to China. Next, the BIA rejected Dr. Sapio's criticism of the 2007 Profile. Regarding Lin's motion to reconsider, the BIA found that Lin failed to demonstrate an error in fact or law in the BIA's prior determination that she was statutorily barred from seeking asylum and that she failed to demonstrate eligibility for an exception under 8 C.F.R. § 1208.4(a)(4).

II. Discussion

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007). Likewise, we review the BIA's denial of a motion to reconsider for an abuse of discretion.

7

*Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). Judicial review for an abuse of discretion is "limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

### A. Motion to Reopen

Lin argues that the BIA abused its discretion in denying her motion to reopen because she submitted material and previously unavailable evidence showing that she would be persecuted upon her return to China because of her two U.S.-born children. Lin also argues that the IJ and BIA improperly relied on the 2007 Profile because Dr. Sapio's report established that it was deficient, inherently contradictory, and outdated.

A party may file only one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B); 8 C.F.R. § 1003.23(b)(3). The BIA may deny a motion to reopen based on any of the following grounds: "1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion."

*Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001); *see also* 8 C.F.R. § 1003.2(a) (providing that the BIA may deny a motion to reopen even if the alien establishes a *prima facie* case for relief). "Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (quotations omitted). Accordingly, an alien who attempts to show that the evidence is material bears a heavy burden and must show that, if the proceedings were reopened, the new evidence likely would change the result in the case. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006).

Here, the BIA did not abuse its discretion in denying Lin's motion to reopen. Much of the evidence Lin submitted predated her removal hearing and thus was not new evidence. Moreover, much of the evidence Lin submitted was unauthenticated and incomplete. Additionally, the BIA did not abuse its discretion by rejecting Dr. Sapio's critique of the 2007 Profile. The BIA is entitled to rely on the State Department reports. *See Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1243 (11th Cir. 2004). Given the other evidence in the record, Lin's new evidence was unlikely to change the outcome of the proceedings.

B. Motion for Reconsideration

Lin next asserts that the BIA abused its discretion in denying her motion to reconsider because the IJ and BIA categorically concluded that changed personal circumstances could never excuse an untimely petition.  Further, Lin submits that the BIA erred in failing to address her specific argument of changed personal circumstances in denying her motion for reconsideration.

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority."  8 U.S.C. § 1229a(c)(6)(C).  "However, a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."  *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (quotation and alteration omitted).  "Therefore, merely reiterating arguments previously presented to the BIA does not constitute specifying errors of fact or law as required for a successful motion to reconsider."  *Id.* (quotation and ellipsis omitted).

As an initial matter, we lack jurisdiction to consider Lin's argument asserting an error of law because she failed to raise that argument in her motion to reconsider.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  Regarding Lin's claim that the BIA failed to address her changed-personal-circumstances argument, Lin failed to show any legal or factual

10

error in the BIA's determination. Lin's evidence showed only a change in her personal circumstances and not a change in country conditions. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (explaining that the birth of a child is a change in personal circumstance, while more stringent enforcement of China's family planning policy is a change in country conditions). Accordingly, we conclude that the BIA did not abuse its discretion in this regard.

**PETITION DISMISSED in part, DENIED in part.**