[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12892
Non-Argument Calendar
_____

Agency No. A099-928-405


HUI LIN,
HAI SHUI ZOU,

                                                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 21, 2014)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Hui Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) final order denying her second motion to reopen her removal proceedings. In her petition, Lin argues that the BIA erred by ignoring evidence that demonstrates that conditions have materially changed in China with respect to the enforcement of the one-child policy. After thorough review, we deny the petition.

## I.

Lin, a native of Changle City, Fujian Province, illegally entered the United States in May 2003 and has since given birth to two children.[1]  On January 4, 2007, Lin submitted an application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), on the grounds that she opposed China's coercive birth control policies.[2]  Thereafter, the Department of Homeland Security (DHS) served her with a Notice to Appear, charging her as removable as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i).

Following a merits hearing in November 2008, the Immigration Judge (IJ) denied Lin's application for asylum as untimely. The IJ further found that there

---

[1] Her husband, Hai Shui Zou, who is proceeding as a derivative beneficiary on Lin's asylum application, had entered the United States in July 1997.

[2] A more detailed account of the procedural history in Lin's case can be found in our previous opinion concerning her first motion to reopen. *See Lin et al. v. U.S. Att'y Gen.*, 429 F. App'x 923, 924-28 (11th Cir. 2011) (unpublished).

were no changed country conditions to excuse the untimely application. Alternatively, the IJ found that Lin failed to demonstrate an objectively reasonable fear of future persecution. Lin appealed to the BIA, which dismissed the appeal on September 30, 2009.

On November 3, 2009, Lin filed her first motion to reopen, arguing that new evidence sufficiently demonstrated changed country conditions in China with respect to the enforcement of the one-child policy. The BIA denied Lin relief. We subsequently denied Lin's petition for review, holding that the BIA did not abuse its discretion in denying Lin's first motion to reopen because the evidence she submitted was available during her 2008 merits hearing, or was unauthenticated and incomplete. *See Lin et al. v. U.S. Att'y Gen.*, 429 F. App'x 923, 927 (11th Cir. 2011) (unpublished).

In February 2013, Lin filed a second motion to reopen her proceedings. The BIA denied the motion, concluding that much of the evidence Lin submitted predated her removal hearing and thus did not constitute new evidence. Moreover, the BIA found the new evidence attached to Lin's second motion to reopen was substantially similar to the evidence the BIA previously had considered and was not sufficiently material, even considered cumulatively, to justify reopening her proceedings. This is Lin's petition for review of that order.

II.

3

We review the denial of a motion to reopen an immigration petition for an abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). Our review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Id.* The moving party bears a heavy burden, *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006), as motions to reopen are disfavored, especially in removal proceedings, *INS v. Doherty*, 502 U.S. 314, 323 (1992).

A party may only file one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A)-(B). A "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," subject to certain exceptions. *Id.* § 1229a(c)(7)(C)(i). The time and number limits do not apply if the motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Here, Lin does not dispute that her second motion to reopen was untimely and numerically barred. Thus, Lin's motion was due to be denied unless she could show by previously unavailable evidence a material change in country conditions.

We cannot say that the BIA acted arbitrarily or capriciously in denying Lin's second motion to reopen.  In the first instance, the BIA properly discounted a significant amount of background evidence Lin submitted because that material was not previously unavailable.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(1).

As to the new evidence Lin attached to her second motion to reopen, the BIA did not abuse its discretion in concluding that this evidence was substantially similar to the evidence that Lin previously had submitted, and, therefore, did not show a material change in country conditions in China regarding the enforcement of the one-child policy.  For instance, a 2012 Report from the Immigration and Refugee Board of Canada and the 2010 Annual Report for the Congressional-Executive Commission on China show that Chinese officials have consistently—both before and after Lin's November 2008 merits hearing—used coercion, sometimes including forced sterilization and abortion, to enforce its family planning policy.

Lin contends that the BIA abused its discretion by ignoring official documents from China that were not authenticated, including 2010 government documents from the Changle City Family Planning and Leadership Group.  That was not an abuse of discretion, however, because official documents are required to be authenticated in BIA proceedings, 8 C.F.R. § 1287.6, and we have held that

"[u]nauthenticated documents lack veracity and are entitled to no deference," *Chen v. U.S. Att'y Gen.*, 672 F.3d 961, 964 (11th Cir. 2011).

In any event, the BIA did not ignore the unauthenticated official documents, but rather concluded that these documents discussed general trends in family planning policies in certain towns in Changle City.  For instance, Lin submitted unauthenticated local government reports from the towns of Tantou and Jinfeng. Although these documents highlight a general recommitment to the one-child policy in various townships in Changle City, they do not show substantially increased enforcement of the one-child policy or other material change in country conditions since Lin's merits hearing in 2008.  Notably, Lin has failed to include any documentation from her local town, Yingqian, to show that individuals like Lin would suffer persecution.  *Cf. Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319-20 (11th Cir. 2009) (holding that reopening may be warranted if the evidence presented shows undisputed evidence that the one-child policy is enforced more stringently in the alien's locality).

Lin's argument that the BIA failed to fully consider all the supporting documents attached to her second motion to reconsider also is unavailing.  The BIA was not required to analyze each piece of evidence individually, so long as the agency gave reasoned consideration to Lin's second motion to reopen and made

6

adequate findings, which it did. *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011).

Finally, although Lin argues at considerable length that we should remand as the Seventh Circuit recently did in *Ni v. Holder*, 715 F.3d 620 (7th Cir. 2013), her reliance on this case is misplaced. First, *Ni* is not binding on this Circuit. More importantly, unlike the situation in *Ni*, *id. at* 624-30, the record in this case shows that the BIA gave reasoned consideration to the new evidence that Lin submitted with her second motion to reopen.

In sum, because Lin did not show materially changed country conditions with respect to the enforcement of the family planning policy against parents of U.S.-born children in Changle City, Fujian Province since her 2008 removal hearing, the BIA did not abuse its discretion in denying her second motion to reopen. Accordingly, we deny Lin's petition.

**PETITION DENIED.**