[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2012
JOHN LEY
CLERK

No. 11-15656
Non-Argument Calendar
_____

Agency No. A094-911-526

NAHED ELIA IBRAHIM,
FADY KAMEL KAMEL,
RAMY KAMEL KAMEL,

                                                            Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 30, 2012)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Nahed Elia Ibrahim and her two sons, Fady Kamel Kamel and Ramy Kamel Kamel, citizens of Egypt, appeal the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). On appeal, Ibrahim argues that: (1) the IJ erred in denying her petition on the grounds that she failed to corroborate her ex-husband's conversion to Islam and that her initial asylum application failed to mention specific details concerning her domestic abuse; and (2) she was entitled to asylum, withholding of removal, and CAT relief. After careful review, we deny the petition in part, and dismiss it in part.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). Where the BIA expressly adopts the IJ's decision, we will review the decisions of both the BIA and the IJ as to those issues. Id.

We review factual determinations, which include credibility determinations, under the substantial-evidence test. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254-55 (11th Cir. 2006). We must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted). We will view "the record evidence in the light most favorable

to the agency's decision and draw all reasonable inferences in favor of that decision." Id. at 1255 (quotation omitted). Accordingly, in order for us to conclude that a finding of fact should be reversed, we must determine that the record "compels" reversal. Id. (quotation omitted).

An applicant for asylum must meet the Immigration and Nationality Act's ("INA") definition of a refugee. 8 U.S.C. § 1158(b)(1). The definition of "refugee" includes:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). Thus, in order to meet the definition of a refugee, the applicant must, "with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution." Ruiz, 440 F.3d at 1257 (quotation omitted).

An applicant's testimony, if credible, may be sufficient to sustain her burden of proof, without corroborating evidence. Id. at 1255. Conversely, if the applicant relies solely on her testimony, an adverse-credibility determination may alone be

3

sufficient to support the denial of an application. <u>Forgue v. U.S. Att'y Gen.</u>, 401 F.3d 1282, 1287 (11th Cir. 2005). "If, however, the applicant produces other evidence of persecution, whatever form it may take, the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." <u>Id.</u> When the IJ makes an adverse-credibility finding, the applicant must demonstrate that the decision was not supported by "specific, cogent reasons" or was not based on substantial evidence. <u>Ruiz</u>, 440 F.3d at 1255.

Pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, § 101, 119 Stat. 302, for applications filed after May 11, 2005, a credibility determination may be based on the totality of the circumstances, including: (1) the demeanor, candor, and responsiveness of the applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence, including country reports. 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, an adverse-credibility determination may be based on inconsistencies, inaccuracies, or falsehoods, regardless of whether they relate to the heart of an applicant's claim. <u>Id.</u>

An applicant's failure to mention relevant facts before her asylum hearing, such as her omission of those facts from her asylum application, may support an adverse-credibility finding. Forgue, 401 F.3d at 1287-88. In Forgue, for example, we held that substantial evidence supported the IJ's adverse-credibility determination because the petitioner failed to mention important facts until his asylum hearing, including the fact that he was doused with acid and had prevented members of an opposing political party from committing election fraud. Id. We have held that even one inconsistency and one omission, with respect to relatively minor details, may justify an adverse-credibility determination. See Xia v. U.S. Att'y Gen., 608 F.3d 1233, 1240-41 (11th Cir. 2010) (holding that an adverse-credibility determination was supported where the applicant's testimony "included at least one internal inconsistency (how old she was when she had the abortion) and one omission (identifying data on the abortion operations certificate)" and where the petitioner did not provide corroborating evidence that would have rebutted these inconsistencies and omissions).

An applicant's provision of tenable explanations for aspects of his claim that the IJ found incredible may not compel the reversal of the IJ's credibility finding, especially in the absence of corroborating evidence. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1233 (11th Cir. 2006). The weaker an applicant's testimony, the greater

5

the need for corroborative evidence.  Li Shan Chen v. U.S. Att'y Gen., 672 F.3d 961, 964 (11th Cir. 2011).

When a petitioner fails to "establish a claim of asylum on the merits, he necessarily fails to establish eligibility for withholding of removal or protection under CAT."  Forgue, 401 F.3d at 1288 n.4.  This is so because the standard for withholding of removal is significantly higher than the asylum standard.  See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1249 n.3 (11th Cir. 2006).  If an IJ makes a finding that a petitioner is not entitled to asylum, he is "not obligated to make specific findings with respect to withholding of removal."  Id.

As an initial matter, we lack jurisdiction over Ibrahim's claim for CAT relief.  Although both the IJ and the BIA determined that Ibrahim was ineligible for CAT relief in light of the adverse-credibility determination, Ibrahim's initial asylum application and her BIA brief did not seek or discuss CAT relief.  As a result, Ibrahim did not exhaust her administrative remedies for seeking CAT relief and that we lack jurisdiction to consider this issue.  See id. at 1250-51 (holding that we lack jurisdiction to consider claims not raised below by the alien even when the BIA reviews the claim sua sponte).  Further, Fady and Ramy abandoned their own claims for withholding of removal  by failing to present them to us and relying instead on Ibrahim's claims, Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir.

6

2005), since withholding of removal does not include derivative rights, see Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007). Consequently, the only claims properly before us are Ibrahim and her sons' asylum claim and Ibrahim's withholding of removal claim.[1]

Turning to the asylum claim, we are unpersuaded. As the record shows, substantial evidence supports the adverse-credibility determination because Ibrahim omitted several incidents concerning her domestic abuse in statements that she made before her merits hearing before the IJ. Further, Ibrahim's testimony that her husband was a Muslim directly contradicted her divorce decree, which stated her ex-husband was still a Coptic Orthodox. Ibrahim failed to provide credible evidence to corroborate her testimony with respect to these inconsistencies. And, although Ibrahim offers tenable explanations for these inconsistencies, these explanations alone do not compel reversal of the IJ's decision. Chen, 463 F.3d at 1233. Thus, in light of the inconsistency between Ibrahim's testimony and the statement in the

_____

[1] Ibrahim also did not exhaust her claims to the BIA that the IJ erred in its adverse-credibility determination by failing to consider corroborating evidence in the record and that she should not have to obtain additional corroborative evidence from Egypt, and we lack jurisdiction to address these arguments. See Shkambi v. U.S. Att'y Gen., 584 F.3d 1041, 1048 n.4 (11th Cir. 2006). Further, even if we were to consider Ibrahim's arguments that there was evidence before the IJ corroborating her testimony, the IJ specifically noted in his written decision that he considered the exhibits Ibrahim submitted. The IJ found Fady's letter and the other family letters not to be "objective corroborating evidence," and Ibrahim has not challenged this determination on appeal.

7

divorce decree, the omissions in her earlier statements concerning her domestic abuse, and the absence of corroborating evidence, the IJ's credibility determination is supported by substantial evidence.

Further, because Ibrahim failed to establish her claim of asylum on the merits, Ibrahim also failed to establish eligibility for withholding of removal. Forgue, 401 F.3d at 1288 n.4. Finally, the BIA declined to address any other arguments relating to the merits of Ibrahim's claim in light of the credibility determination. Accordingly, Ibrahim's arguments on appeal as to whether she demonstrated past persecution or satisfied the standards for withholding of removal are outside the scope of our review. See Chen, 463 F.3d at 1232 n.4 (refusing to address the merits of a persecution claim because the IJ's decision was based on an adverse-credibility determination). Accordingly, we deny the petition's claims for asylum and withholding of removal, and dismiss the petition for lack of jurisdiction as to the claim for CAT relief.

**PETITION DISMISSED IN PART, DENIED IN PART.**