[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15486
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2012
JOHN LEY
CLERK

Agency No. A087-385-947


ALEXANDRE CUNHA DE LINS E SILVA,

                                                        Petitioner,

                        versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 30, 2012)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Alexandre Cunha De Lins E Silva ("Silva") seeks review of the Board of Immigration Appeals's ("BIA") final order affirming the immigration judge's ("IJ") denial of his application for asylum and withholding of removal. He argues that: (1) we have jurisdiction over his asylum application because the question whether extraordinary circumstances excused its untimely filing is a mixed one of fact and law; (2) substantial evidence does not support the denial of withholding of removal; and (3) although he did not seek relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT") in his application, he is entitled to CAT relief. After careful review, we deny the petition in part and dismiss it in part.

We review de novo questions of our own subject matter jurisdiction. Sanchez Jiminez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007). Where we have jurisdiction to review the decision of the BIA, we review factual determinations under the substantial evidence test and will affirm the decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation omitted). In conducting this review, we view the evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. Id. Reversal is appropriate only when the record compels it. Li Shan Chen v. U.S. Att'y

2

Gen., 672 F.3d 961, 964 (11th Cir. 2011). If a petitioner makes only passing references in his brief to particular issues, he has abandoned those issues. Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1352 (11th Cir. 2009).

When the BIA issues an opinion without adopting the IJ's decision, we review the BIA's decision. Li Shan Chen, 672 F.3d at 964. If the BIA explicitly agreed with particular findings of the IJ, we review both the BIA and the IJ's conclusions about those issues. Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010).

First, we reject Silva's argument that we have jurisdiction over his asylum application. Under the Immigration and Nationality Act ("INA"), we lack jurisdiction to review the agency's determination that an asylum application was untimely filed. 8 U.S.C. § 1158(a)(3). This includes both determinations that the application was not filed within the one-year time limit for asylum applications and that the applicant failed to establish extraordinary circumstances that would excuse the untimely filing of the application. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). We have also held that the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, 310-11 (2005), did not alter this rule. Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005). Under the prior precedent rule, earlier panel decisions are binding unless they are overruled by this Court en banc or by the Supreme Court.

United States v. Jordan, 635 F.3d 1181, 1189 (11th Cir.), cert. denied, 132 S.Ct. 356 (2011).

Here, our prior precedent forecloses Silva's argument. We lack jurisdiction to review the IJ and BIA's determinations that his asylum application was untimely and that he failed to demonstrate extraordinary circumstances to excuse that untimeliness. Accordingly, we dismiss the asylum portions of Silva's petition for lack of jurisdiction.

Next, we are unpersuaded by Silva's claim that substantial evidence does not support the denial of withholding of removal. The INA provides that the Attorney General may not remove an alien whose "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). In considering whether an alien meets the requirements of this section, the IJ should determine the alien's credibility and whether he met his burden of proof in accordance with certain provisions that also govern asylum applications, particularly credibility determinations. 8 U.S.C. § 1231(b)(3)(C). Those provisions state that an IJ may consider credible testimony as well as record evidence and should consider the totality of the circumstances in considering an alien's credibility. 8 U.S.C. § 1158(b)(1)(B)(ii)-(iii).

To show eligibility for withholding of removal, an alien must demonstrate that he will more likely than not be persecuted or tortured when he returns to his home country. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006). He may meet this burden by showing that he experienced past persecution in that country because of a protected ground. Id.; 8 C.F.R. § 208.16(b)(1). Once an alien establishes past persecution, there is a rebuttable presumption that he has a well-founded fear of future persecution. 8 C.F.R. § 208.16(b)(1). An alien may also meet his burden by establishing "that it is more likely than not that [he] would be persecuted on account of . . . membership in a particular social group . . . upon removal to that country." Id. § 208.16(b)(2). The applicant's fear of persecution must be objectively reasonable and subjectively genuine. Kazemzadeh, 577 F.3d at 1352 (discussing fear of persecution in the asylum context). If the alien could avoid persecution by relocating within his home country, he cannot show that he is eligible for withholding of removal. 8 C.F.R. § 208.16(b)(2).

According to the BIA, a "particular social group" refers to those who "share a common, immutable characteristic . . . such as sex, color, or kinship ties, or in some circumstances . . . a shared past experience such as former military leadership or land ownership." Matter of Acosta, 19 I. & N. Dec. 211, 233 (BIA 1985), overruled on other grounds by Matter of Mogharrabi, 19 I. & N. Dec. 439, 447 (BIA 1987); see

5

Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1196 (11th Cir. 2006) (deferring to the BIA's interpretation of "particular social group" in Acosta). Such a group must be socially visible, and "particular social group" cannot be so broadly defined that it becomes "a 'catch all' for all persons alleging persecution who do not fit elsewhere." Castillo-Arias, 446 F.3d at 1197, 1198. For example, in Castillo-Arias, we affirmed the BIA's conclusion that noncriminal informants against Colombian drug cartels did not constitute a particular social group. Id. at 1197-99.

"Persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Carrizo v. U.S. Att'y Gen., 652 F.3d 1326, 1331 (11th Cir. 2011) (quotations and brackets omitted). We have concluded that evidence of threatening telephone calls to a woman and her brother did not compel a finding of past persecution or show that her fear of future persecution was objectively reasonable. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231-32 (11th Cir. 2005).

Under the CAT, the United States has agreed that its policy is not to "expel, expedite, or otherwise effect the involuntary return of any person to a country in which there are substantial grounds for believing the person would be in danger of being subjected to torture." The Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, § 2242(a), 112 Stat. 2681 (1998); see 8 C.F.R. § 208.16-

6

18 (implementing the CAT). An applicant is eligible for CAT relief only if he shows that he will more likely than not "be tortured by, or with the acquiescence of, government officials if returned to the designated country of removal." Todorovic v. U.S. Att'y Gen., 621 F.3d 1318, 1324 (11th Cir. 2010). Torture is:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him . . . or a third person information or a confession, punishing him . . .or her for an act he . . . or a third person has committed or is suspected of having committed, or intimidating or coercing him . . . or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1).

Finally, if a petitioner fails to exhaust his administrative remedies with respect to a particular claim, we lack jurisdiction to consider that claim, even if the BIA considered it sua sponte. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). To exhaust a claim, the petitioner must fairly present the relevant arguments to the BIA for its consideration. Id. at 1250-51.

As we've noted above, we lack jurisdiction to consider the merits of Silva's arguments regarding asylum. As for his arguments about withholding of removal, he did not establish that he would more likely than not face persecution upon returning to Brazil. The BIA's determination to the contrary is supported by the record. The

private detective Silva hired to investigate his brother-in-law's death received threatening phone calls in 2003 but none since, and neither he nor any of Silva's family came to harm.  Further, we have said that telephone threats made directly to a person are insufficient to support a well-founded fear of future persecution. Sepulveda, 401 F.3d at 1231-32.  Because Silva makes no other arguments about the agency's denial of withholding of removal, he has abandoned them.

As for CAT relief, Silva likely has failed to exhaust his claim.  He did not mention it in his original application for asylum and withholding of relief, and he made only passing references to CAT relief in his brief before the BIA.  As a result, we lack jurisdiction to consider the IJ and BIA's denial of such relief.[1]

Accordingly, we dismiss Silva's petition in part and deny it in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[1] But even if we were to consider it on the merits, no record evidence indicates that, upon returning to Brazil, Silva would be tortured by, or with the acquiescence of, government officials. He argues that he cannot seek protection from the police, but the record does not reflect that he would be subject to severe pain or suffering by or with the acquiescence of police.  Although he contended at his hearing that police communicated with his brother-in-law's alleged murderer about the investigation, this record does not compel a finding that Silva would more likely than not be tortured with the acquiescence of the police if he returned to Brazil.