[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15648
Non-Argument Calendar

_____

Agency No. A046-243-998

RONEIL CAMPBELL,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 7, 2013)

Before HULL, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Roniel Campbell seeks review of the Board of Immigration Appeals'

(BIA's) decision affirming an Immigration Judge's (IJ's) grant of the Department

of Homeland Security's (DHS's) motion to reconsider and denial of Campbell's

motion to reopen.  After careful review, we deny Campbell's petition.

I.

Campbell, a native and citizen of Jamaica, was admitted to the United States

in January 1998 as a lawful permanent resident.  In November 2004, he was

convicted in Florida of three counts of armed robbery and sentenced to 9.75 years'

imprisonment.  The following month, DHS served Campbell with a Notice to

Appear, charging him with removability under the Immigration and Nationality

Act (INA).  *See* 8 U.S.C. § 1227(a)(2)(A)(ii) (alien convicted of two crimes of

moral turpitude); *id.* § 1227(a)(2)(A)(iii) (alien convicted of an aggravated felony);

*id.* § 1227(a)(2)(C) (alien convicted of a firearm offense).

Campbell appeared *pro se* at his March 2005 removal hearing, where the IJ

found him removable as charged.  When the IJ asked Campbell if he had any fear

of returning to Jamaica, Campbell said he did because he "ha[d] no family back

home."  But because the IJ found no basis for Campbell to remain in the United

States, the judge ordered Campbell removed.  Campbell did not appeal this

decision to the BIA.

On November 9, 2011, while he was still serving the remainder of his state sentence, Campbell filed a counseled motion to reopen removal proceedings and requested a stay of removal. He attached to the motion an application for relief under the United Nations Convention against Torture (CAT), in which he averred that if he returned to Jamaica he likely would be persecuted for being homosexual. On November 17, while his motion was pending, DHS removed Campbell to Jamaica. On December 1, the IJ nonetheless granted Campbell's motion to reopen and request for a stay of removal.

DHS moved to reconsider the IJ's decision, arguing the IJ lacked jurisdiction to grant the motion to reopen because Campbell was not in the United States when the IJ acted. The IJ agreed, granted DHS's motion to reconsider, and denied Campbell's motion to reopen. Campbell appealed to the BIA, which dismissed the appeal. The BIA reasoned that Campbell's motion to reopen did not automatically stay his removal and, because DHS had a final removal order at the time of Campbell's November 17 removal, the action was lawful. Although the BIA did have jurisdiction to entertain the motion to reopen despite Campbell's removal, *Jian Le Lin v. U.S. Att'y Gen.*, 681 F.3d 1236, 1241 (11th Cir. 2012), the sole form of relief Campbell sought (CAT relief) was available only to applicants present in the United States. Accordingly, the BIA concluded, Campbell's request for relief was moot. Campbell then filed the instant petition for review.

3

II.

Although we generally lack jurisdiction to review an order against an alien, such as Campbell, who is removable because he committed a crime under 8 U.S.C. § 1227(a)(2), we retain jurisdiction to address constitutional issues and questions of law.  8 U.S.C. § 1252(a)(2)(C), (a)(2)(D).  Because Campbell challenges the BIA's determination that he was ineligible as a matter of law for CAT relief, we may review his petition.[1]  *Id.* § 1252(a)(2)(D).  The BIA did not adopt the IJ's decision, so we review only the BIA's decision.  *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

We typically review the BIA's disposition of a motion to reconsider for an abuse of discretion.  *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007).  But where, as here, the BIA's decision was based on a legal determination, we review *de novo*.  *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1252 (11th Cir. 2008).  "The BIA's interpretation of its own regulations is entitled to deference as long as it is 'reasonable' – as opposed to 'plainly erroneous' – and not inconsistent with the will of Congress or the text of the regulation itself."  *Li Shan Chen v. U.S. Att'y Gen.*, 672 F.3d 961, 965 n.2 (11th Cir. 2011) (citing *Auer v. Robbins*, 519 U.S. 452, 461 (1997)).

---

[1]  Campbell also argues DHS could not lawfully have removed him after he filed his motion to reopen.  But he does not dispute that DHS had a valid order of removal.  And he cites no authority indicating that the filing of a motion to reopen with an application for CAT relief attached operates as an automatic stay of removal.  We therefore find this argument meritless.

III.

Campbell contends the BIA erred and violated his right to due process by finding him ineligible for apply for CAT relief.  We do not agree.  It is true that we have recently decided that physical removal of a petitioner by DHS does not preclude the petitioner from pursuing a motion to reopen.  *Jian Le Lin*, 681 F.3d at 1241.  Here, the BIA accepted that fact but nonetheless concluded that Campbell was ineligible as a matter of law for the relief he sought through his motion to reopen.  The BIA cited its regulations, which make CAT relief available to an "applicant for withholding of removal" who shows that, "*if* removed to the *proposed* country of removal," he would more likely than not be tortured.  8 C.F.R. § 1208.06(c) (emphasis added).  And the BIA construed this text to mean Campbell's request for relief was moot because he was not an "applicant for withholding of removal," nor was he still facing possible removal to a proposed country.  *Id.*  Campbell makes no argument for why this interpretation should not be entitled to deference.  *See Li Shan Chen*, 672 F.3d at 965 n.2.  We therefore defer to the BIA's interpretation of its regulations to mean Campbell is ineligible for CAT relief and, accordingly, conclude that Campbell's due process rights were not violated.

**PETITION DENIED.**

5