[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12269
Non-Argument Calendar
_____

Agency No. A097-385-363


MEI YA ZHANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 14, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Mei Ya Zhang, a Chinese native and citizen, seeks review of the Board of Immigration Appeals's (BIA) dismissal of her appeal from the Immigration Judge's (IJ) denial of asylum, 8 U.S.C. § 1158(a), and withholding of removal, 8 U.S.C. § 1231(b)(3), under the Immigration and Nationality Act (INA).  On appeal, Zhang argues that the IJ's decision—that Zhang failed to meet her burden of establishing a well-founded fear of persecution because she did not show an objectively reasonable possibility of undergoing forced sterilization on her return to China—was not supported by substantial evidence.

As an initial matter, Zhang has not raised any argument in her brief regarding relief under the United Nations Convention Against Torture (CAT), 8 C.F.R. § 208.16(c).  Consequently, she has abandoned that claim.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) (holding that the failure to argue an issue on appeal constitutes abandonment).  Additionally, we cannot adjudicate Zhang's CAT claim because she did not raise it before the BIA.  *See Amaya-Artunduaga v. U.S. Att'y Gen*., 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam) (noting that we lack jurisdiction to hear claims when a petitioner fails to exhaust her administrative remedies by raising an issue before the BIA).  As a result, we only address Zhang's arguments regarding asylum and withholding of removal based on her fear of forced sterilization.

2

We review administrative factual determinations regarding eligibility for asylum under the highly deferential substantial-evidence standard, and "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283–84 (11th Cir. 2001) (internal quotation marks omitted). We may not "reweigh the evidence from scratch" and will reverse a finding of fact made by the BIA only when the record compels reversal, not when it merely supports a contrary conclusion. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc) (internal quotation marks omitted).

We review only the BIA's decision "except to the extent that it expressly adopts the IJ's opinion. Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." *Al Najjar*, 257 F.3d at 1284 (citation omitted). Here, the BIA adopted the IJ's reasoning and added its own discussion. Accordingly, we review both opinions.

An alien who is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). Asylum may be granted if the alien establishes that he is a "refugee." *See id.* § 1158(b)(1)(A). "A refugee is defined as one who is unable or unwilling to return to his or her home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341,

1351 (11th Cir. 2009) (internal quotation marks omitted); *see* 8 U.S.C. §

1101(a)(42)(A).  An applicant may establish a well-founded fear of persecution by

showing "a fear of persecution in his country of nationality on account of a

protected ground, a 'reasonable possibility' of suffering persecution if the applicant

returns to that country, and that he is unable or unwilling to return because of his

fear."  *Kazemzadeh*, 577 F.3d at 1352 (quoting 8 C.F.R. § 208.13(b)(2)(i)).

Applicants who fear being forced to undergo involuntary sterilization are deemed

to have a fear of persecution on account of political opinion.  *See* 8 U.S.C. §

1101(a)(42).

After review, we cannot say that the record compels reversal.  Substantial

evidence supports the BIA's and IJ's decision that Zhang did not establish a

"reasonable possibility" of future persecution, as she did not establish that the

Chinese government would view her children—all of whom were born in the

United States—as a violation of its family planning policies or that there was a

reasonable possibility that any enforcement of the policies against her would rise to

the level of persecution.[1]  *See In re J-H-S-*, 24 I. & N. Dec. 196, 197–98 (B.I.A.

2007) (noting that a Chinese alien can establish refugee status by showing a

---

[1] Because Zhang is unable to satisfy the standard for asylum, she necessarily fails to meet the more stringent standard for withholding of removal.  *See Huang v. U.S. Att'y Gen.*, 429 F.3d 1002, 1010–11 (11th Cir. 2005) (per curiam).

violation of local family planning policies and that current enforcement efforts of such policies created a well-founded fear of persecution).

Evidence in the record supports the IJ's finding that Zhang's children would not be counted for purposes of birth limitation policies so long as they are not registered as Chinese permanent residents.[2]  Zhang has not provided evidence that any similarly situated individuals—Chinese citizens with American-born children—have been deemed to violate the family planning policies.  Additionally, the 2007 village committee letter Zhang offers to prove that she would be in violation of the policies and subject to involuntary sterilization was appropriately discredited by the IJ because, in addition to being unsigned and unauthenticated, *see Li Shan Chen v. U.S. Att'y Gen.*, 672 F.3d 961, 964 (11th Cir. 2011) (per curiam), it was inconsistent with and undermined by other facts in the record.

Even assuming that Zhang would be considered to have violated family planning policies, the record supports the IJ's finding that Zhang failed to show enforcement would rise to the level of persecution.  Notwithstanding evidence of "structural incentive[s] for officials to employ coercive measures to meet population goals," the record indicates that, in actuality, enforcement was more likely to come in "the form of economic benefits or sanctions."  Moreover, there

---

[2] Zhang argues that the IJ's finding "ignores the possibility" that Zhang could seek cheaper access to "education, health care, and other social benefits" by registering her children as permanent Chinese residents.  Because Zhang failed to offer any evidence that she intended to register her children or would be unable to provide for their well-being without doing so, we cannot say that the record compels reversal of the IJ's findings on this point.

was no evidence of "any cases of physical force employed in connection with abortion or sterilization in [Zhang's province] in the past ten years." (Internal quotation marks omitted).

Upon review of the entire administrative record and after consideration of the parties' briefs, we deny the petition for review.

**PETITION DENIED.**