[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13894
Non-Argument Calendar
_____

Agency No. A097-636-058


YELKAL GELAHUN IDO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 28, 2014)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Yelkal Ido, a native and citizen of Ethiopia, petitions this Court for a second time to review the Board of Immigration Appeals' (BIA) final order affirming an Immigration Judge's (IJ) denial of his application for asylum.  After reviewing his first petition, we upheld the BIA's conclusion that Ido was not credible because that finding was supported by substantial evidence.  See Ido v. U.S. Att'y Gen., 480 F. App'x 972, 976–77 (11th Cir. 2012) (unpublished).  We nevertheless remanded the case to the BIA because the Board's decision had been based solely on its credibility finding, and the BIA had failed to consider whether documentary evidence presented by Ido independently established that he was entitled to asylum.  See Ido, 480 F. App'x at 977–78; see also Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) ("[A]n adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant.  That is, the IJ must still consider all evidence introduced by the applicant.  If the applicant produces no evidence other than his testimony, an adverse credibility determination is alone sufficient to support the denial of an asylum application.  If, however, the applicant produces other evidence of persecution, whatever form it may take, the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances.").

We instructed the Board to consider whether Ido was entitled to asylum in light of the other evidence he had presented, including a copy of an Ethiopian

2

warrant issued for his arrest in 2001.  Id. at 978.  On remand, the BIA considered

that evidence and upheld the IJ's denial of the asylum application.  Ido now

petitions us to review that decision.

## I.

We review "only the BIA's decision, except to the extent that it expressly

adopts the IJ's opinion or reasoning."  Zhu v. U.S. Att'y Gen., 703 F.3d 1303,

1307 (11th Cir. 2013) (quotation marks and brackets omitted).  We review

administrative factfindings under the highly deferential substantial evidence test,

viewing the evidence in the light most favorable to the agency's decision and

drawing all reasonable inferences in favor of that decision.  Adefemi v. Ashcroft,

386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc).  Factual findings may be

reversed only when the record compels reversal.  Id. at 1027.  We must affirm the

BIA's decision if it is "supported by reasonable, substantial, and probative

evidence on the record considered as a whole."  Al Najjar v. Ashcroft, 257 F.3d

1262, 1284 (11th Cir. 2001) (quotation omitted).

## A.

Ido contends that the BIA erred when it concluded that the Ethiopian arrest

warrant, which he submitted in support of his asylum application, was not

authenticated and was thus entitled to little evidentiary weight.  He asserts that the

3

document was authenticated by his own testimony of how he obtained it and by the purportedly official government seals on it.

An applicant seeking asylum bears the burden of authenticating documents submitted in support of his application. Ali v. U.S. Att'y Gen., 443 F.3d 804, 813–14 (11th Cir. 2006) (rejecting applicant's contention that the BIA "should have explored other methods of authentication" because the burden of authentication was on the applicant) (quotation marks omitted). Unauthenticated documents "lack veracity and are entitled to no deference" from a reviewing court. Mu Ying Wu v. U.S. Att'y Gen., 745 F.3d 1140, 1153 (11th Cir. 2014); accord Li Shan Chen v. U.S. Att'y Gen., 672 F.3d 961, 964 (11th Cir. 2011); Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1202 n.3 (11th Cir. 2005). Therefore, an immigration court has the discretion to discount unauthenticated documents "as lacking in probative value." Xiu Ying Wu v. U.S. Att'y Gen., 712 F.3d 486, 497 (11th Cir. 2013).

In an immigration proceeding, the typical way to authenticate a foreign document is to follow the procedures set out in 8 C.F.R. §§ 287.6(b) and 1287.6(b).[1] It is undisputed that Ido did not follow those procedures. While he could have tried to authenticate the warrant through other means, see Vatyan v. Mukasey, 508 F.3d 1179, 1184–85 (9th Cir. 2007); Gui Cun Liu v. Ashcroft, 372

---

[1] These regulations apply to foreign documents from countries, such as Ethiopia, that have not signed the Hague Convention Abolishing the Requirement of Legislation for Foreign Public Documents. See 8 C.F.R. §§ 287.6(b), 1287.6(b)

4

F.3d 529, 532–33 (3d Cir. 2004), the BIA found that Ido had not taken any steps to authenticate the arrest warrant. That finding is supported by substantial evidence. Although Ido claims that the warrant was authenticated by his own testimony and the allegedly official seals on the document, we have already held that the BIA's adverse credibility finding was supported by substantial evidence, and he has failed to present any evidence that the seals on the arrest warrant were authentic. Therefore, the record does not compel the conclusion that the arrest warrant was authentic, and the BIA did not err by affording that evidence little weight. See Mu Ying Wu, 745 F.3d at 1154; Xiu Ying Wu, 712 F.3d at 497.

## B.

Ido also contends that the BIA did not give reasoned consideration to his asylum application. He specifically asserts that the BIA misunderstood the nature of his petition and failed to consider portions of his testimony that were uncontroverted.

When it is reviewing an IJ's denial of an asylum application, the BIA must consider all of the evidence submitted by the applicant. Seck v. U.S. Att'y Gen., 663 F.3d 1356, 1364 (11th Cir. 2011). The BIA does not have to specifically address each of the applicant's claims and each piece of evidence presented, so long as it gives reasoned consideration to the application and makes adequate findings. Id. The BIA is merely required to "consider the issues raised and

5

announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Id. (quotation marks omitted).

The record in this case indicates that the BIA gave reasoned consideration to Ido's application. The BIA specifically addressed each piece of evidence Ido submitted in support of his application, and its thorough analysis of the reliability and probative value of that evidence demonstrates that it "heard and thought" about the issues raised in the asylum application. See id. Ido asserts that the BIA failed to consider uncontroverted aspects of his testimony; however, he does not identify any authority indicating that it was required to do so after having already made an adverse credibility determination that was upheld by this Court. The BIA may credit some portions of an applicant's testimony after making an adverse credibility finding. See Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1348 (11th Cir. 2008) ("[T]he point of an internal inconsistency is that the trier may believe one part of an applicant's story and not believe others. The Immigration Judge and the Board are entitled to credit some parts of [the applicant's] testimony and to discredit others."). But the BIA is not required to do so, particularly when we have already upheld the BIA's credibility determination in a prior appeal.

II.

6

The BIA properly evaluated Ido's documentary evidence on remand and its decision is supported by reasonable, substantial, and probative evidence on the record considered as a whole.  Al Najjar, 257 F.3d at 1284.  We therefore deny Ido's petition.

**PETITION DENIED.**