[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13893
Non-Argument Calendar
_____

Agency No. A205-614-865

YA LING WU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 30, 2017)

Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Ya Ling Wu, proceeding *pro se*, petitions for review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Derating Treatment or Punishment (CAT).  Wu, who converted to Christianity while living in the United States, argues she established a well-founded fear of future persecution based on her religious beliefs if returned to China.  After review,[1] we deny Wu's petition.

An alien who arrives in or is present in the United States may apply for asylum.  8 U.S.C. § 1158(a)(1).  To obtain asylum, an alien must meet the Immigration and Nationality Act's (INA) definition of a "refugee."  8 U.S.C. § 1158(b)(1)(A).  A "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a

---

[1] We "review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion.  Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well."  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (citation omitted).

Factual determinations are reviewed under the substantial-evidence test, which requires that we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision."  *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc).  We must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004) (quotation omitted).  "To reverse the . . . fact findings, we must find that the record not only supports reversal, but compels it."  *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. 8 C.F.R. § 208.13(a). To establish eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(b).

If there is no showing of past persecution, an applicant must establish a well-founded fear of future persecution by demonstrating that there is a "reasonable possibility" of suffering persecution if she returns to her home country. *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007) (quotation omitted). The fear of persecution must be "subjectively genuine and objectively reasonable." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1289 (11th Cir. 2001). "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution," and "[i]n most cases, the objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* (quotation omitted).

Substantial evidence supports the finding that Wu has failed to establish a well-founded fear of future persecution on the basis of her Christian belief. The record reflects that tens of millions of people practice Protestant Christianity in

3

China and local tolerance of unregistered believers varies.  Although the Department of State's 2012 International Religious Freedom Report on China (IRFR) noted incidents of religious discrimination, none were identified in Fujian Province, where Wu lived.  Furthermore, the IRFR noted that employment discrimination based on religion is illegal and parents are permitted to instruct their children in their religious beliefs.  There is evidence that family and friends have the right to meet at home for worship, although there is other evidence indicating that authorities regularly harassed and detained small groups meeting for religious purposes.  While Wu argues the IJ relied upon improper information from China's State Administration of Religious Affairs (SARA) website, the information taken from the SARA website was included in the IRFR.  Therefore, whether or not the website as a whole is reliable, the BIA and IJ properly relied upon this particular information in making their determination.  The BIA is entitled to rely heavily on the State Department reports.  *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1243 (11th Cir. 2004).

Substantial evidence also supports the finding the documents provided by Wu are entitled to little or no weight.  *See Li Shan Chen v. U.S. Att'y Gen.,* 672 F.3d 961, 964 (11th Cir. 2011) ("Unauthenticated documents lack veracity and are entitled to no deference.").  As to the notice from the Ding'an Villagers' Committee (the Notice), Wu does not argue that it was authenticated pursuant to 8

4

C.F.R. § 287.6,[2] and she had no personal knowledge that it was what it claimed to be. The only evidence about its veracity was the letter from Wu's mother, who was not subject to cross-examination and provided no details about how she came to receive the Notice. In light of these facts, as well as the possibility of fraud in Fujian Province, and the fact that Wu herself had no explanation for how the Village Committee would have come to learn about her activity in the United States, the record does not compel a finding that the Notice is entitled to substantial weight. *See Mu Ying Wu v. U.S. Att'y Gen.*, 745 F.3d 1140, 1154 (11th Cir. 2014) (holding (1) the BIA and IJ did not err in giving little to no weight to a document that was unauthenticated, or in making the finding that the document was not authenticated when the petitioner put forth no evidence confirming that the document was created by who it was purportedly created by, and (2) the IJ and BIA properly considered evidence showed documents from Fujian Province are often fraudulent).

Substantial evidence also supports the BIA and IJ's decision to give minimal weight to the letters from Xin and Wu's mother. Because the letters were written to assist Wu's asylum claim and Xin and Wu's mother were not subject to cross examination, the letters were entitled to little weight. *See Matter of H-L-H- & Z-Y-*

---

[2] In relevant part, § 287.6(b)(1) states that "an official record . . . shall be evidenced by an official publication thereof, or by a copy attested by an officer so authorized." 8 C.F.R. § 287.6. It continues, "[t]his attested copy in turn may but need not be certified by any authorized foreign officer both as to the genuineness of the signature of the attesting officer and as to his/her official position." *Id.*

5

*Z-*, 25 I&N Dec. 209, 215 (BIA 2010) (affording little weight to letters from individuals who "are interested witnesses who were not subject to cross-examination"), *rev'd in part on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2013).

In light of the country conditions evidence and the weakness in Wu's supporting documents, the record does not compel a finding that she had a well-founded fear of future persecution.  Consequently, she necessarily also failed to satisfy the higher standard of a clear probability of persecution as required by withholding of removal.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (explaining to establish eligibility for withholding of removal under the INA, an applicant must show it is more likely than not he will be persecuted or tortured upon returning to his country, and the standard for withholding of removal is "more stringent" than the asylum standard).  Finally, substantial evidence supports the denial of Wu's CAT claim because Wu did not provide any evidence of past torture or threats of future torture.  *See* 8 C.F.R. § 208.16(c)(2) (providing the applicant for CAT relief bears the burden of proving that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal").

Accordingly, we deny Wu's petition.

**PETITION DENIED.**