[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12025
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 27, 2011
JOHN LEY
CLERK

Agency No. A093-397-262

LI SHAN CHEN,

                                                                Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 27, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

*Pro se* petitioner Li Shan Chen, a native and citizen of China, seeks review of the Board of Immigration Appeals' (BIA) decision upholding the Immigration Judge's (IJ's) order of removal and the denial of his claims for asylum and withholding of removal.[1]  After a thorough review of the record, we deny his petition in part and dismiss it in part.

I.

In 2007, Chen filed an application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT) based on his wife's forced sterilization.  According to the application, Chen and his wife had a son in 1987.  The local family planning officials then forced Chen's wife to have an IUD inserted.  She later removed the IUD and, after she gave birth to a daughter, she was forcibly sterilized and Chen was fined for violating the family planning policy.  Chen left China in 2006 to "avoid future persecution of [his] family."

Chen supplemented his statement in 2008 to add a claim based on his own resistence to China's family planning policies.  Chen alleged that when the officials came to take his wife for insertion of the IUD, he tried to stop them, was

_____

[1]  Although he is proceeding *pro se* before this court, Chen was assisted by counsel during his removal proceedings.

beaten, taken into custody, and detained for seven days. He also suffered a cut to his hand when he was beaten by other detainees.

In support of his application, Chen submitted letters from his wife, a report from Amnesty International, and articles on China's family planning policies. He also submitted untimely evidence in the form of medical reports and an unauthenticated detention certificate.

At the removal hearing, Chen testified that he cut his hand on a broken bowl while he was detained. The IJ found that Chen lacked credibility based on this discrepancy and inconsistencies in the other evidence. The IJ noted that the first letter from Chen's wife made no mention of the 1987 incident, but a subsequent letter referred to Chen's resistance. Additionally, the other evidence Chen submitted was untimely and unauthenticated.

The IJ further found that, even if Chen was credible, and that the harm he suffered constituted past persecution, Chen failed to demonstrate a well-founded fear of future persecution. On appeal, the BIA issued its own opinion affirming the IJ's findings and conclusions. The BIA explained that, even if Chen was credible, and even if the events rose to the level of past persecution such that Chen was entitled to a presumption of a well-founded fear of future persecution, that

presumption was rebutted by his twenty-year stay in China after the alleged persecution.

In his petition for review, Chen argues that (1) substantial evidence did not support the adverse credibility finding; (2) the BIA erred in alternatively finding that he failed to demonstrate a well-founded fear of past persecution; and (3) he is entitled to CAT relief. We address each in turn.

## II.

When the BIA issues its own opinion and does not adopt the IJ's opinion, we review the BIA's decision. *Shkambi v. U.S. Att'y Gen.*, 584 F.3d 1041, 1048 (11th Cir. 2009). We review credibility findings under the substantial evidence test, which requires that we affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (quotations omitted). We may reverse "only when the record compels it." *Shkambi*, 584 F.3d at 1049 n.6.

## III.

An adverse credibility finding must be "clean" and supported by "specific, cogent reasons." *Shkambi*, 584 F.3d at 1049 (quotation omitted); *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (quotation omitted).

"Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Shkambi*, 584 F.3d at 1049-51 (quotation omitted). An adverse credibility finding, on its own, may be sufficient to support the denial of an asylum application, but only when the applicant produces no evidence except for his testimony. *Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1352 (11th Cir. 2008) (emphasis in original). If an applicant produces additional evidence, the BIA must consider that evidence. *Forgue*, 401 F.3d at 1287. "The weaker an applicant's testimony . . . , the greater the need for corroborative evidence." *Yang*, 418 F.3d at 1201. Unauthenticated documents lack veracity and are entitled to no deference. *Id.* at 1203 n.3. Once the IJ makes an adverse credibility finding, the alien bears the burden to show that the finding was not supported by the reasons provided or was not based on substantial evidence. *Shkambi*, 584 F.3d at 1049.

In this case, the BIA set forth specific, cogent reasons for the adverse credibility finding. Chen failed to include the 1987 incident in his initial application, and he was later unable to consistently recall its details. Although Chen attempted to explain these inconsistencies through others' unsworn statements, these explanations did not compel the BIA to find him credible. Moreover, the BIA evaluated all of the evidence submitted and found that the

5

documents contained therein, many of which were of questionable authenticity, were insufficient to rehabilitate Chen's incredible testimony. We cannot conclude that the adverse credibility finding is unsupported by substantial evidence.

IV.

In order to qualify for asylum, the applicant must establish: "(1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." *Mehmeti* v. *U.S. Att'y Gen.*, 572 F.3d 1196 1199 (11th Cir. 2009) (quotation omitted). "Persecution" is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Id.* (quotation omitted).

A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005); 8 C.F.R. § 208.13(b)(1). The agency may rebut this presumption if it determines that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 208.13(b)(1)(i)(A); *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351-52 (11th Cir. 2009). The agency may consider other changed circumstances such as in personal circumstances to determine whether the presumption is overcome, "so long as those changes are fundamental in nature and

6

go to the basis of the fear of persecution." 65 Fed.Reg. 76,121, 76,127 (Dec. 6, 2000).[2]

An applicant may also establish a well-founded fear of persecution without proving past persecution. 8 C.F.R. § 208.13(b)(2); *Kazemzadeh*, 577 F.3d at 1352 (11th Cir. 2009). To do so, an alien must show "a reasonable possibility he or she would be singled out individually for persecution," or that she would be identified with a persecuted group. *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008) (quotation omitted). An alien must show "a *reasonable possibility* of suffering such persecution if he or she were to return to that country." *Mehmeti*, 572 F.3d at 1200 (quotation omitted). Further, the alien's fear must be both "subjectively genuine and objectively reasonable." *Id.* (quotations omitted). An alien who is unable to demonstrate the well-founded fear necessary to qualify for asylum will be precluded from qualifying for withholding of removal as well. *Id.*

Even if we were to assume, as the BIA did, that Chen was credible and that the harm amounted to past persecution, the agency rebutted the presumption of a well-founded fear in light of the nearly 20 years that had elapsed between that

---

[2] The BIA's interpretation of its own regulations is entitled to deference as long as it is "reasonable"—as opposed to "plainly erroneous"—and not inconsistent with the will of Congress or the text of the regulation itself. *Auer v. Robbins*, 519 U.S. 452, 461 (1997); *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1252 (11th Cir. 2008) (deferring to the BIA's interpretation of a regulation). We cannot conclude that the BIA's interpretation here is unreasonable.

harm and Chen's departure from China without further incident. Chen was unable to offer any other basis for his claim of a well-founded fear, and he submitted no evidence that Chinese officials had any present interest in him. Accordingly, substantial evidence supported the BIA's alternative conclusion that Chen could not establish eligibility for either asylum or, by extension, withholding of removal. We therefore deny Chen's petition on this ground.

V.

Finally, we will not consider Chen's CAT claim because he failed to raise this claim before the BIA. Thus, it is unexhausted and we lack jurisdiction to address its merits. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). Accordingly, we dismiss his petition in this respect.

**PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.**