[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15284
Non-Argument Calender
_____

Agency no. A095-230-277

CHAI CHOE TJOE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitioner for Review of a Decision of the
Board of Immigration Appeals
_____

(August 7, 2012)

Before CARNES, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Chai Tjoe, a native and citizen of Indonesia, entered the United States on a nonimmigrant F-1 visa on January 8, 2000. In 2002, she filed an application seeking asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT) based on her race (Chinese) and religion (Christian). She asserted that Chinese Christians in Indonesia are discriminated against. In 2009, the Department of Homeland Security charged her as removable for failing to comply with the conditions of the nonimmigrant status under which she was admitted. Tjoe conceded removability, but she renewed her application for asylum, withholding of removal, and CAT relief. An immigration judge denied her relief, finding that she was not credible. She appealed the IJ's decision to the Board of Immigration Appeals, which affirmed. She then timely filed this petition for review of the BIA's decision denying her request for withholding of removal and CAT relief.[1]

Tjoe contends that the BIA erred in finding her not credible. Because the BIA did not expressly adopt the IJ's decision, we review only the BIA's decision. See Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). We review for substantial evidence the BIA's factfindings, including an adverse credibility

---

[1] In her brief, Tjoe states that she does not petition for review of the BIA's denial of her request for asylum.

determination, and review de novo its application of the law to those factfindings. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817–18 (11th Cir. 2004). When reviewing for substantial evidence, "we review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254 (11th Cir. 2006). "We must affirm the [BIA's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1254–55.

To obtain withholding of removal, Tjoe must establish that her "life or freedom would be threatened in [Indonesia] because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); see Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006) ("The alien bears the burden of demonstrating that it is more likely than not she will be persecuted or tortured upon being returned to her country." (quotation marks omitted)). To obtain CAT relief, she must "establish that it is more likely than not that . . . she would be tortured if removed to [Indonesia]." 8 C.F.R. § 208.16(c)(2).

Substantial evidence supports the BIA's finding that Tjoe did not credibly establish a right to withholding of removal or CAT relief. Tjoe testified before the

3

IJ that she had converted to Christianity from Buddhism when she was "little." Her testimony, however, was contradicted by the identification card she submitted in support of her application. That card, which was issued when she was twenty-one years old and after her arrival in the United States, listed her religion as "Buddha," and Tjoe offered no evidence to corroborate her testimony that she had converted to Christianity. See Li Shan Chen v. U.S. Att'y Gen., 672 F.3d 961, 964 (11th Cir. 2011) ("An adverse credibility finding, on its own, may be sufficient to support the denial of an asylum application, but only when the applicant produces no evidence except for [her] testimony."). Also, Tjoe testified that her father was attacked by native, non-Chinese Indonesians and that he died the next day. She introduced her father's obituary into evidence, but it stated that he died "due to illness" and did not mention the alleged attack. In light of those inconsistencies, the BIA did not err in finding Tjoe not credible.

**PETITION DENIED.**

4