[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13773
Non-Argument Calendar
_____

Agency No. A205-516-065

RONALD ABEL SORTO-LOPEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 11, 2016)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Ronald Abel Sorto-Lopez, a national and citizen of El Salvador, petitions for review of the Board of Immigration Appeals (BIA) decision affirming the Immigration Judge's (IJ) denial of his application for asylum and withholding of removal under sections 208(a) and 241(b)(3) of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158(a) and 1231(b)(3).  The BIA concluded that Sorto-Lopez is not eligible for asylum or to have his removal withheld, because he did not demonstrate that he suffered persecution in El Salvador or, alternatively, that he has a well-founded fear of future persecution there.  On appeal, Sorto-Lopez argues that these findings were erroneous.  Because we find that the BIA's decision is supported by reasonable, substantial, and probative evidence, we affirm the decision and deny Sorto-Lopez's petition.

## I.    STANDARD OF REVIEW

"We review only the [BIA]'s decision, except to the extent that it expressly adopts the IJ's opinion." *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA issued its own opinion and did not adopt the opinion or reasoning of the IJ expressly, so we only consider the BIA's decision.  *See id.*

"A factual determination by the BIA that an alien is statutorily ineligible for asylum or withholding is reviewed under the substantial evidence test." *Perlera-Escobar v. Exec. Office for Immigration,* 894 F.2d 1292, 1296 (11th Cir. 1990) (per curiam).  As such, we "must affirm the BIA's decision if it is supported by

2

reasonable, substantial, and probative evidence on the record considered as a whole." *Najjar*, 257 F.3d at 1284 (internal quotation marks omitted). This standard is "highly deferential." *Id.* We view the evidence in the light most favorable to the BIA's decision, drawing all reasonable inferences in favor of that decision. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). And, "we may reverse only when the record compels it." *Li Shan Chen v. U.S. Att'y Gen.*, 672 F.3d 961, 964 (11th Cir. 2011) (per curiam) (internal quotation marks omitted).

## II.    ASYLUM

The INA provides that "[a]ny alien who is physically present in the United States . . . irrespective of such alien's status, may apply for asylum." 8 U.S.C. § 1158(a)(1). The Attorney General may grant an alien's asylum application if it "determines that such alien is a refugee within the meaning of" 8 U.S.C. § 1101(a)(42)(A). *See* 8 U.S.C. § 1158(b)(1). A "refugee" is defined as:

> [A]ny person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of *persecution or a well-founded fear of persecution* on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A) (emphasis added). The applicant bears the burden of proving that he is a refugee, which requires him to present "specific and credible

3

evidence" demonstrating either "past persecution on account of a statutorily listed factor" or "a well-founded fear that the statutorily listed factor will cause future persecution." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (per curiam) (internal quotation marks omitted). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam) (internal quotation marks omitted).

A. Past Persecution

Sorto-Lopez asserts that he established past persecution based on his religion and his membership in a particular social group. In support of this claim, he points to his testimony that (1) two to three times per week, gang members in El Salvador told him that God did not exist when he was on his way to church; (2) he had to transfer schools because other students harassed him by saying that God did not exist and that he should change his religion; (3) a few days before he left El Salvador for the United States, a car swerved towards him while he was on the sidewalk and someone in the car yelled that God would not protect him; (4) when he worked at a prosecutor's office—his "particular social group"—gang members and corrupt police officers threatened him; and (5) on one occasion, he was extorted for $1,000. However, Sorto-Lopez also testified that he was never physically harmed by any of his alleged persecutors.

Considered as a whole, this evidence supports a finding of "mere harassment," coupled with a "few isolated incidents of . . . intimidation."  *See id.* (internal quotation marks omitted).  Therefore, the record does not require a determination that Sorto-Lopez suffered past persecution.  *See id.* (holding that "menacing telephone calls and threats . . . do not arise to the level of past persecution that would compel reversal of [a BIA] decision"); *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000) ("[P]ersecution requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." (internal quotation marks omitted)).

B. <u>Future Persecution</u>

Sorto-Lopez also claims that he has a well-founded fear of future persecution in El Salvador due to his religion and association with the prosecutor's office.  To establish a well-founded fear of future persecution, an applicant must demonstrate that his fear is "subjectively genuine and objectively reasonable."  *Najjar*, 257 F.3d at 1289.  While Sorto-Lopez may genuinely fear persecution in El Salvador, the record does not compel a finding that such fear is objectively reasonable.  His previous experience did not amount to persecution, and he has failed to "demonstrate specific, detailed facts showing a good reason to fear that he

5

will be *singled out* for persecution"  *See id.* at 1289–90 (internal quotation marks omitted).

*    *    *

In sum, the record does not require a determination that Sorto-Lopez suffered past persecution or that he has a well-founded fear of future persecution. Thus, we must uphold the BIA's finding that he is not eligible for asylum.  *See Li Shan Chen*, 672 F.3d at 964.

### III.    WITHHOLDING OF REMOVAL

To be eligible for withholding of removal under the INA, an applicant must show that, if he was removed, his life or freedom would be threatened because of his "race, religion, nationality, membership in a particular social group, or political opinion."  *Sepulveda*, 401 F.3d at 1232 (internal quotation marks omitted).  This standard is "more stringent" than the above-discussed standard for asylum.  *See id.* Hence, "where an applicant fails to meet the burden for asylum, he necessarily cannot meet the . . . burden for withholding of removal."  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249 n.3 (11th Cir. 2006) (per curiam).  Because Sorto-Lopez has not met his burden for asylum, his challenge to the BIA's "withholding of removal" decision likewise fails.  *See id.*

**PETITION DENIED.**