[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13840

Non-Argument Calendar

_____

LEONARDO ARCANJO FERREIRA,
ALCIONE ALVES PEREIRA,
VICTOR HENRIQUE PEREIRA FERREIRA,
EMANUELLY VICTORIA ARCANJO ALVES FERREIRA,

Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A220-224-391

_____

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Leonardo Arcanjo Ferreira and Alcione Alves Pereira, along with their two children (collectively, "Petitioners"), seek review of the denial of their applications for asylum and withholding of removal. An immigration judge ("IJ") found that Petitioners were not eligible for relief from removal because they failed to establish that their home country of Brazil was unable or unwilling to protect them, and the Board of Immigration Appeals ("BIA") affirmed the IJ's decision. On appeal, Petitioners contend that the IJ and BIA legally erred in evaluating their applications and that they established entitlement to relief through Arcanjo Ferreira's credible testimony and other record evidence. Because substantial evidence supports the agency's decision, we must deny the petition for review.

**I.**

Arcanjo Ferreira, Alves Pereira, and their two minor children, natives and citizens of Brazil, entered the United States without admission on July 10, 2021. A few months later, the Department of Homeland Security began proceedings to remove them to

Brazil.  *See* 8 U.S.C. § 1182(a)(6)(A)(i).  An immigration judge found that they were removable as charged by the agency.

Petitioners applied for asylum, withholding of removal, and protection under the U.N. Convention Against Torture.  Arcanjo Ferreira testified at the hearing on these applications that he feared harm to himself and his family from human smugglers, or "coyotes," that he and Alves Pereira hired to bring their family to the United States for a better life.  He stated that they had agreed to pay the coyotes $60,000 for their services but still owed $54,000, which the coyotes were attempting to collect with threats to his sister-in-law in Brazil that they would kill Arcanjo Feffeira, his sister-in-law, or her family.  Neither Arcanjo Ferreira or his sister-in-law had reported the threats to the police, for fear of the coyotes.  According to Arcanjo Ferreira, the coyotes told his sister-in-law that if the police become involved "they will really kill" her, and he did not believe the police could protect them from the coyotes.

An immigration judge ("IJ") found that Arcanjo Ferreira's testimony was credible but "not legally sufficient to establish eligibility for relief from removal."  The IJ noted that Arcanjo Ferreira had not expressed any fear of or problems with the Brazilian government.  Rather, he feared harm from the coyotes the family hired to smuggle them to the United States.  But, in the IJ's view, the evidence did not establish that Brazil was unable or unwilling to protect them.  The IJ explained that, while the record evidence reflected "significant criminal activity in Brazil," the evidence did not establish that it would have been "futile to seek the assistance of

law enforcement in Brazil." In that regard, the IJ cited an article highlighting collaboration between the U.S. government and Brazilian federal police to disrupt a human smuggling operation in Brazil. The IJ also noted that Arcanjo Ferreira had payment receipts that could assist a law-enforcement investigation. For similar reasons, the IJ concluded that the evidence was insufficient to establish entitlement to CAT protection.

Petitioners appealed to the BIA. In October 2023, the BIA issued a decision affirming the denial of asylum and withholding of removal based on the IJ's reasoning. The BIA also found that Petitioners did not appeal the denial of protection under CAT, so they had waived the issue. Petitioners now seek review from this Court.

**II.**

On appeal from an order of removal, we review both the IJ's and the BIA's decisions where, as here, the BIA issues its own decision but affirms and relies upon the IJ's reasoning. *Mu Ying v. U.S. Att'y Gen.*, 745 F.3d 1140, 1153 (11th Cir. 2014). We review the BIA's decision only with regard "to those matters on which it rendered its own opinion and reasoning." *Id.* (quotation marks omitted).

Factual determinations are reviewed under the substantial-evidence test. *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013). Under this test, we will reverse the BIA's factual findings only when the record compels it. *Id.* We must affirm "[i]f the BIA's decision is supported by reasonable, substantial, and probative evidence when the record is considered as a whole." *Lyashchynska v.*

*U.S. Att'y Gen.*, 676 F.3d 962, 967 (11th Cir. 2012).  "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1230 (11th Cir. 2007) (quotation marks omitted).  "[W]e view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* (quotation marks omitted).

A noncitizen is eligible for asylum if he establishes that he is unable or unwilling to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A).  To meet this burden, an applicant must provide credible evidence establishing past persecution, or a well-founded fear of future persecution, on account of a statutorily protected ground.  *Li Shan Chen v. U.S. Att'y Gen.*, 672 F.3d 961, 964–65 (11th Cir. 2011).  Similarly, under the withholding-of-removal statute, a noncitizen may not be removed if his "life or freedom would be threatened" because of a protected ground, such as membership in a particular social group.  8 U.S.C. § 1231(b)(3)(A).

The statutes governing asylum and withholding of removal protect against persecution not only by government forces but also by private groups or actors "that the government cannot control." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006).  But if an applicant "alleges persecution by a private actor, he must prove that he is unable to avail himself of the protection of his home

country." *Sama v. U.S. Att'y Gen.*, 887 F.3d 1225, 1234 (11th Cir. 2018) (cleaned up); *see also Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1345 (11th Cir. 2007) ("Lopez must show not only past persecution or a well-founded fear of future persecution, but also that she is unable to avail herself of the protection of her home country."). To make that showing, the applicant must "present[] evidence that he reported the persecution to local government authorities or that it would have been useless to do so." *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 950 (11th Cir. 2010). Otherwise, an applicant's failure to report persecution by a private actor to the local authorities is "generally fatal" to his claim. *Lopez*, 504 F.3d at 1345.

Here, Petitioners have not shown that the agency erred in denying their applications for relief from removal. Petitioners fear harm from the criminal organization that smuggled them to the United States, due to nonpayment of the smuggling fee. Because they allege persecution by private actors, according to our precedent, they must prove that they are "unable to avail [themselves] of the protection of [their] home country." *Sama*, 887 F.3d at 1234; *see Lopez*, 504 F.3d at 1345. Specifically, they must "present[] evidence that [they] reported the persecution to local government authorities or that it would have been useless to do so." *Ayala*, 605 F.3d at 950. Thus, contrary to Petitioners' argument, the IJ and BIA did not legally err by applying that requirement in their case.

Nor does the record compel the finding that Brazilian authorities were "unable or unwilling to protect [Petitioners]." *Ayala*, 605 F.3d at 950; *see Sama*, 887 F.3d at 1234. There is no evidence

23-13840                Opinion of the Court                7

that the coyotes' death threats to Arcanjo Ferreira's sister-in-law were reported to government authorities. And the IJ and BIA found that it would not have been futile to seek the assistance of law enforcement in Brazil.

Petitioners contend that Arcanjo Ferreira's credible testimony established that the police could or would not protect him and his family. But while credible testimony "may be sufficient to sustain the applicant's burden" if it "is persuasive[] and refers to specific facts," the IJ may also "weigh the credible testimony along with other evidence of record" to determine if the applicant met his burden. 8 U.S.C. § 1158(b)(1)(B)(ii). Although Arcanjo Ferreira stated his belief that the police could not protect his sister-in-law or his family, he did not refer to any specific facts which supported that claim. And the record shows that the IJ weighed Arcanjo Ferreira's credible testimony about the threats his sister-in-law received along with other record evidence of country conditions in determining that Petitioners did not meet their burden.

In particular, the IJ found that, while there was evidence of significant criminal activity in Brazil, the record reflected efforts by the Brazilian government to combat criminal organizations involved in human smuggling. The IJ also noted that Petitioners possessed documentary evidence that could assist a potential investigation. While some other evidence may support Petitioners' view, "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Sanchez Jimenez*, 492 F.3d at 1230. Viewing the evidence in the light

most favorable to the agency's decision, *id.*, the record does not compel a finding that Petitioners were unable to avail themselves of the protection of their home country. *See Sama*, 887 F.3d at 1234. And because Petitioners failed to meet the burden of proof necessary for their asylum claims, they likewise did not qualify for withholding of removal. *See id.* at 1231–32, 1234.

For these reasons, we **DENY** the petition for review.