[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10340

Non-Argument Calendar

_____

DANIEL MACEDO DE SOUSA,
NOEME SILVA DA COSTA,
ISA EMANUELLE MACEDO SILVA,

                                                            Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

Agency No. 220-286-327

_____

Before LAGOA, KIDD and WILSON, Circuit Judges.

PER CURIAM:

Daniel Macedo de Sousa, Noeme Silva da Costa, and their child Isa Macedo Silva, each a citizen of Brazil proceeding with counsel, petition for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA"). The Petitioners argue that substantial evidence does not support the findings that they failed to establish: (1) past persecution; (2) a well-founded fear of future persecution; and (3) that they could not reasonably relocate within Brazil.

**I.**

We review the decision of the BIA, and we review the IJ's decision to the extent the BIA expressly adopted it. *Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1344 (11th Cir. 2008). A petitioner forfeits an argument by failing to raise it in the opening brief. *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1324 (11th Cir. 2021).

We review the BIA's legal findings *de novo* and its factual findings under the substantial evidence test. *Hasan-Nayem v. U.S. Att'y Gen.*, 55 F.4th 831, 842 (11th Cir. 2022). Under the substantial evidence test, we will not disturb the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record

considered as a whole." *Mohammed*, 547 F.3d at 1344 (quotation marks omitted). We review "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Hasan-Nayem*, 55 F.4th at 842 (quotation marks omitted). We will "reverse factual findings only if the record compels reversal, and the mere fact that the record may support a contrary conclusion is insufficient to justify reversal." *Id.* (quotation marks omitted).

"To be eligible for asylum, an applicant bears the burden of proving that he is a 'refugee' within the meaning of the INA." *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1231 (11th Cir. 2007) (quoting INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A)). The INA defines a refugee as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

An alien seeking to establish asylum eligibility on the basis of a protected ground must, with credible evidence, show either "(1) past persecution on account of her political opinion or any other protected ground, or (2) a well-founded fear that her political opinion or any other protected ground will cause future persecution." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006)

(quotation marks omitted).  "To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." *Id.*

To qualify for withholding of removal, a petitioner must establish that his "life or freedom would be threatened in [their] country because of [their] race, religion, nationality, membership in a particular social group, or political opinion."  INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A); *see also Cendejas Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013).  A petitioner may satisfy their burden of proof in either of two ways: (1) by demonstrating past persecution based on a protected ground, which creates a rebuttable presumption that their life or freedom would be threatened upon return to their country; or (2) by demonstrating "that it is more likely than not that [they] would face a future threat to his life or freedom due to a protected ground." *Cendejas Rodriguez*, 735 F.3d at 1308.

Although "persecution" is not defined in the INA, we have stated that it is "an extreme concept" that "requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Shi v. U.S. Att'y Gen.*, 707 F.3d 1231, 1235 (11th Cir. 2013) (quotation marks omitted).  The harm suffered by the petitioner is considered cumulatively, under a totality of the circumstances approach, and on a case-by-case basis.  *Id.* However, harm or threats to someone other than the applicant are only considered as evidence of past persecution when those acts

concomitantly harm or threaten the applicant. *Cendejas Rodriguez*, 735 F.3d at 1308.

Minor physical abuse, in combination with threats, does not amount to persecution. *See Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1172, 1174 (11th Cir. 2008) (holding substantial evidence supported a finding that threats and a minor beating that resulted in scratches and bruises did not constitute persecution); *cf. Mejia v. U.S. Att'y. Gen*, 498 F.3d 1253, 1257–58 (11th Cir. 2007) (concluding the record compelled a finding that the petitioner suffered persecution where he was the target of attempted attacks over an 18-month period, received multiple death threats, and was physically attacked twice, once when a large rock was thrown at him and once when members of the gang targeting him broke his nose with the butt of a rifle). Additionally, a credible death threat made by a person with the immediate ability to carry out the threat constitutes persecution regardless of whether the threat is carried out. *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1333–34 (11th Cir. 2010) (holding that the record compelled a finding of past persecution when the petitioner was beaten, was subjected to an 11-hour detention, and was told by the soldiers who had killed his brother that he would be executed the next day, but escaped before the threatened execution); *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (holding that menacing calls and death threats alone were not enough to compel a finding of past persecution).

Here, substantial evidence supports the BIA's determination that the Petitioners did not suffer past persecution because the man involved in the death of Silva da Costa's brother never directly

harmed, threatened, or confronted them. The threat they received from a loan shark is not part of the persecution inquiry because of the Petitioners' concession before the BIA that it is not based on a protected ground.

## II.

"To establish asylum eligibility based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground." *Silva*, 448 F.3d at 1236 (citation omitted). The subjective prong is generally met by the petitioner's credible testimony that they genuinely fear persecution. *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1007 (11th Cir. 2008). The objective prong can be met if the petitioner establishes that they have "a good reason to fear future persecution." *Id.* (quotation marks omitted). The petitioner is required to show that returning to their home country would create a reasonable possibility of persecution. *Li Shan Chen v. U.S. Att'y Gen.*, 672 F.3d 961, 965 (11th Cir. 2011). To be eligible for withholding of removal, an applicant must establish that he or she would "more likely than not" be persecuted on account of a protected ground, which is a higher showing than asylum's well-founded fear standard. *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1375 (11th 2021).

Substantial evidence supports the BIA's conclusion that the Petitioners did not establish a well-founded fear of future persecution. The record does not compel a finding that the Petitioners' fear was objectively reasonable given that the murderer of Silva da Costa's brother fled, they were not harmed during the year that

they stayed in Brazil following the murder, the accomplice to the murder could have acted against the Petitioners if he desired, and Silva da Costa's father remained unharmed in Brazil.

### III.

An asylum applicant cannot establish a well-founded fear of persecution "if the applicant could avoid persecution by relocating to another part of the[ir] country of nationality." 8 C.F.R. § 208.13(b)(2)(ii). Internal relocation must be reasonable, and to determine whether such relocation is reasonable, the BIA "should consider the totality of the relevant circumstances," which include the size of the country; the geographic location of the persecution; "the size, reach, and numerosity of the alleged persecutor"; and "the applicant's demonstrated ability to relocate to the United States to apply for asylum." *Id.* § 208.13(b)(3). Applicants who do not establish past persecution bear the burden to establish that it would not be reasonable to relocate, unless the feared persecution is by or sponsored by a government. *Id.* § 208.13(b)(3)(i). When the feared persecution is by private actors, internal relocation is presumed to be reasonable. *Id.* § 208.13(b)(3)(iii). Similarly, applicants for withholding of removal who have not established past persecution have the burden of showing they could not reasonably relocate within the country of removal to avoid the probability of future persecution, and the same presumptions and reasonableness factors apply. *Id.* § 208.16(b)(2), (3).

In *Arboleda v. U.S. Att'y Gen.*, a case in which the government bore the burden of establishing the petitioners could safely and reasonably relocate within their home country, we held that the record

compelled reversal of the BIA's internal relocation finding because the petitioners feared persecution by a guerilla group that operated nation-wide, with over 10,000 combatants who regularly attacked civilians. 434 F.3d 1220, 1222–27 (11th Cir. 2006). We concluded that the government's evidence was insufficient to meet its burden, and the remainder of the record evidence, which was submitted by the petitioners, compelled a finding that relocation would not protect them from persecution. *Id.* at 1224–26. We also concluded that the BIA erred in failing to consider whether relocation would be reasonable, as it "did not mention any of the . . . factors it should have considered in making its [reasonableness] determination. *Id.* at 1226–27.

We conclude that substantial evidence supports the BIA's determination that the Petitioners did not show that they could not reasonably relocate within Brazil. The BIA properly considered the reasonableness factors, and the record does not compel a finding that the Petitioners were unable to reasonable relocate to another region of Brazil.

**PETITION DENIED.**