**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-14070
Non-Argument Calendar

_____

SAKIB AHMOD,
MST MONITA,
MOHAMMAD MUSABBI,

*Petitioners,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A246-076-295

_____

Before JORDAN, KIDD, and MARCUS, Circuit Judges.

PER CURIAM:

Sakib Ahmod appeals the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. He argues that: (1) the BIA and IJ's adverse-credibility finding was not supported by substantial evidence; and (2) the record supports a finding that he had established a well-founded fear of future persecution based on his involvement with the Liberal Democratic Party of Bangladesh ("LDP") and the submitted country condition materials. After thorough review, we deny the petition.

We review only the decision of the BIA, except to the extent the BIA expressly adopts or explicitly agrees with the IJ's opinion. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). We review the IJ's opinion to the extent the BIA found that the IJ's reasons were supported by the record and review the BIA's decision as to matters on which it rendered its own opinion and reasoning. *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011).

We review credibility determinations under the substantial-evidence test. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230–31 (11th Cir. 2006). "The trier of fact must determine credibility, and [we] may not substitute [our] judgment for that of the BIA with respect to credibility findings." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004); 8 U.S.C. § 1252(b)(4)(D). Under the highly deferential substantial-evidence test, we must affirm the agency's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc) (quoting *Najjar v.*

*Ashcroft*, 257 F.3d 1262, 1283–84 (11th Cir. 2001)).  We view the evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of its decision.  *Id.* at 1027.  The mere fact that the record may support a contrary conclusion is not enough to justify reversing the agency's findings.  *Id.*  We'll reverse an IJ's credibility findings "only if the evidence 'compels' a reasonable fact finder to find otherwise."  *Chen*, 463 F.3d at 1231 (quoting *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005)).

To establish eligibility for asylum, an alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the alien will be persecuted on account of a statutorily listed factor. *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010); 8 C.F.R. § 1208.13(a), (b).  The asylum applicant must establish eligibility for asylum by offering credible, direct, and specific evidence in the record.  *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).  If found to be credible, an applicant's testimony is sufficient on its own to establish these factors.  *Id.*  Conversely, if the applicant is found not credible and has not provided any corroborating evidence, an adverse-credibility determination alone may be sufficient to support the denial of his claim.  *Id.*  However, even if an individual is found to be not credible, the IJ has a duty to consider other evidence produced by the asylum applicant.  *Id.*

A credibility determination may be based on the totality of the circumstances, including: (1) the demeanor, candor, and responsiveness of the applicant; (2) the inherent plausibility of the

applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; (5) the consistency of the applicant's statements with other record evidence, including country reports; and (6) any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor. 8 U.S.C. § 1158(b)(1)(B)(iii). When the IJ makes an adverse-credibility finding, the IJ must offer "specific, cogent reasons" for the finding. *Chen*, 463 F.3d at 1231. The burden then shifts to the applicant to demonstrate that the decision was not supported by specific, cogent reasons or by substantial evidence. *Id.* The IJ may rely on any inconsistency, regardless of its relevance to the claim, to support an adverse-credibility finding. *Id.* at 1233.

We've held that substantial evidence supported an adverse-credibility determination where the applicant's testimony "included at least one internal inconsistency" and "one omission," and she did not provide corroborating evidence that would have rebutted these inconsistencies and omissions. *Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240 (11th Cir. 2010). To reverse an adverse-credibility finding, the evidence must *compel* a contrary finding. *Id.* at 1239.

Past persecution creates a rebuttable presumption of a well-founded fear of future persecution. *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1007 (11th Cir. 2008). Without a showing of past persecution, an asylum applicant may show a well-founded fear of future persecution by showing a fear of future persecution that is

subjectively genuine and objectively reasonable. *Id.* The objective component requires that the applicant show a reasonable possibility of suffering persecution, either by being singled out for persecution or being identified with a regularly persecuted group. *Li Shan Chen v. U.S. Att'y Gen.*, 672 F.3d 961, 965 (11th Cir. 2011). An applicant must also establish a nexus between the feared persecution and a protected ground, demonstrating that one of the enumerated grounds "was or will be at least one central reason for persecuting" him. 8 U.S.C. § 1158(b)(1)(B)(i).

An alien is eligible for withholding of removal if he shows that, upon return to his country, he more likely than not will be persecuted there due to a protected ground. 8 U.S.C. § 1231(b)(3); *Sepulveda*, 401 F.3d at 1232. If an applicant cannot meet the "well-founded fear" standard of asylum, he generally will not be eligible for withholding of removal. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1352 (11th Cir. 2009).

For starters, because the BIA explicitly agreed with the IJ's decision, we review both the BIA decision and the IJ decision. *Ayala*, 605 F.3d at 947–48. It's also worth noting that the adverse-credibility determination disposed of Ahmod's asylum, withholding-of-removal, and CAT claims, and the BIA dismissed Ahmod's claims on credibility grounds alone. *Forgue*, 401 F.3d at 1287.

On the record before us, substantial evidence supports the BIA's adverse-credibility determination and its adoption of the specific, cogent reasons the IJ gave for making that determination. *Chen*, 463 F.3d at 1231. The multiple inconsistencies the IJ found in

Ahmod's testimony and between his testimony and other evidence include, among other things: (1) Ahmod's testimony that he fled his sister's home after only a few days, which contradicted the statements in his sister's affidavit that he had stayed at her home for months before leaving; (2) Ahmod's testimony responding to how he obtained a Brazilian visa for his time there in 2019 to 2020, which never directly answered the question and instead repeated inconsistent timelines of travel; (3) Ahmod's testimony that he had worked in a grocery store from 2016 to 2017 and never had owned a business, which contradicted the statements in his application; (4) Ahmod's testimony that he had traveled through so many countries with his pregnant wife and young child without the help of a smuggler, which the IJ found implausible; and (5) Ahmod's testimony that he fled to Brazil before returning to Bangladesh, which contradicted the statement in his application that he had not returned to Bangladesh after leaving. The IJ further found that Ahmod was not responsive to questions about or did not give adequate explanations for each of the inconsistencies.

On its review, the BIA determined that Ahmod did not meet his burden of explaining these inconsistencies, much less demonstrate that the IJ did not rely on specific, cogent reasons or show that the evidence compels a contrary result. *See Xia*, 608 F.3d at 1239; *Chen*, 463 F.3d at 1231. Substantial evidence supports this determination. While Ahmod explained some of the inconsistencies -- claiming that there was a mistake in his sister's affidavit and that he made a mistake in his application when he said he had not returned to Bangladesh after Brazil -- he did not explain several

24-14070               Opinion of the Court                    7

others.  For example, he did not explain how he obtained a Brazilian visa or why the application said that "November 2023" was when he entered the United States versus his testimony that he entered in October 2022.  Further, in many instances, Ahmod was non-responsive.  But even where Ahmod provided alternative explanations to the IJ's reasoning, we cannot say that the evidence compels the contrary finding that he was credible, nor did he show that the IJ did not rely on specific, cogent reasons.  *Xia*, 608 F.3d at 1239; *Chen*, 463 F.3d at 1231.  Accordingly, the record supports the BIA's credibility determination, and we deny Ahmod's petition as to this issue.  *D-Muhumed*, 388 F.3d at 818.

As for Ahmod's claim that we should grant his petition for relief on an alternative ground -- that he established a well-founded fear of future persecution -- we are unable to review it.  The Supreme Court has long held that an agency is not required to make findings on issues that are unnecessary to the result it reaches.  *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).  Further, because "judicial judgment cannot be made to do service for an administrative judgment," we, therefore, "[are] not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach [our] own conclusions based on such an inquiry."  *Gonzales v. Thomas*, 547 U.S. 183, 186 (2006) (quoting *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002)).  Thus, where the agency's adverse-credibility determination is clearly erroneous, we must remand to the BIA to consider the merits of the applicant's claims in the first instance.  *Id.*

It is also well established that we may review a final order of removal only if a petitioner has "exhausted all administrative remedies available . . . as of right." 8 U.S.C. § 1252(d)(1). This exhaustion requirement is a "claim-processing rule," not a limit on our jurisdiction. *Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19, 423 (2023). As a claim-processing rule, we generally apply it when a party asserts it. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). To exhaust a claim, a petitioner must raise the core issue to the BIA and "set out any discrete arguments he relies on in support of that claim." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016), *overruled in part on other grounds by Santos-Zacaria*, 598 U.S. at 419–23. While a petitioner is not required to use precise legal terminology or offer well-developed arguments, he must provide the BIA with sufficient information to enable it to "review and correct any errors below." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015), *overruled in part on other grounds by Santos-Zacaria*, 598 U.S. at 419–23.

We may review only the rulings made by the immigration judge or Board of Immigration Appeals that affect the validity of the final order of removal. *Clement v. U.S. Att'y Gen.*, 75 F.4th 1193, 1199 (11th Cir. 2023). That's because "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *Id.* (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

Here, as we've explained, the BIA based its affirmance of the denial of Ahmod's asylum petition solely on agreeing with the IJ's

24-14070                Opinion of the Court                        9

adverse-credibility finding. Because the agency never addressed whether Ahmod established past persecution or a well-founded fear of future persecution, those issues are not properly before us and we may not reach their merits. *Id.* Indeed, the record reveals that the BIA treated the adverse-credibility finding as effectively dispositive, and did not address whether, even without Ahmod's credible testimony, he could establish a well-founded fear of persecution. Accordingly, we deny the petition for review on this ground.

**PETITION DENIED.**